<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

DARIO STIPISIC,

     Plaintiff,

     v.

UNITED STATES CUSTOMS AND BORDER
PATROL *et al.*,

     Defendants.

No. 24cv7649 (EP) (JRA)

**MEMORANDUM ORDER**

**PADIN, District Judge.**

This matter has been opened by the Court *sua sponte* based on the failure of *pro se* Plaintiff Dario Stipisic to comply with Court orders and prosecute his case. For the reasons that follow, the Court will **DISMISS** Mr. Stipisic's claims ***without prejudice***.

I.    **BACKGROUND**

Plaintiff initially filed his Complaint in the Superior Court of New Jersey, Essex County on May 4, 2024, bringing claims for wrongful detention against two agencies: the United States Customs and Border Protection ("CBP") and the Port Authority Police Department ("PAPD"). D.E. 1 ("Notice of Removal") at 2, 9-12. The CBP then removed the matter to this Court on July 9, 2024, pursuant to 28 U.S.C. § 1442(a)(1), which permits removal of cases commenced in state court to federal district court when the case involves a claim against the United States or any of its agencies or officers. Notice of Removal at 2.

The PAPD then filed a motion to dismiss on July 16, 2024. D.E. 5. The CBP filed a motion to dismiss on September 16, 2024, based on Plaintiff's failure to exhaust his administrative remedies. D.E. 7. In October 2025, however, the parties met before Judge Jose R. Almonte, U.S.M.J., and agreed to meet and confer to resolve the pending motions to dismiss without the

Court's intervention. *See* Dkt. Both the CBP and PAPD, in November 2025, later filed stipulations of dismissal between themselves and Plaintiff. *See* D.Es. 16 & 18. The Court entered those stipulations and terminated the matter on November 14, 2024. *See* D.Es. 17 & 19.

About six months later, however, Plaintiff filed a letter requesting that this Court reopen the matter against the CBP because he had exhausted his administrative remedies. D.E. 20. Because Plaintiff proceeds *pro se* and is entitled to certain latitudes, *see Haines v. Kerner,* 404 U.S. 519, 520 (1972), and because the CBP initially moved to dismiss only on grounds that Plaintiff had failed to exhaust his administrative remedies the Court instructed Plaintiff that if he intended to sue the CBP, he must provide proof of a final written denial. D.E. 21 ("Plaintiff may not bring suit against the United States Customs and Border Protection until he has 'presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing.'" (quoting *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003))). Plaintiff then filed proof of a final written denial—wherein the CBP stated that Plaintiff may file suit in federal court within six months—and this Court reopened the matter against the CBP on June 17, 2025. D.Es. 22 & 23.

The Court then instructed Plaintiff to file an amended complaint by July 14, 2025. D.E. 23. Plaintiff did not. Instead, the Court received a notice in September that the mail sent to Plaintiff's recorded address had been returned as undeliverable. D.E. 25. Because Plaintiff filed an address change after the Court's order posted, the Court ordered that the mail be resent to Plaintiff's new address. *See* Dkt. Plaintiff then filed another letter on October 3, 2025, requesting that the Court reopen the matter. D.E. 26. The Court responded by informing Plaintiff that the matter had already been reopened on June 14, 2025 and the Court's order that Plaintiff file an amended complaint was outstanding. D.E. 27. The Court provided Plaintiff with further time—

until October 31, 2025—to file an amended complaint and warned that failure to comply may result in dismissal of his case. *Id.* Plaintiff, however, did not do so and instead filed yet another letter requesting that this Court reopen the matter.[1]  D.E. 28.  Indeed, several months have passed and Plaintiff has yet to file an amended complaint.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) permits courts to *sua sponte* dismiss an action if a litigant fails to prosecute a case or to comply with a court order. *Qadr v. Overmyer*, 642 F. App'x 100, 102 (3d Cir. 2016) (per curiam); *see Adams v. Trustees of New Jersey Brewery Emps. Pension Trust Fund*, 29 F.3d 863, 871 (3d Cir. 1994) (recognizing that courts may *sua sponte* dismiss an action under Rule 41(b)) .  The decision to dismiss an action for failure to prosecute lies within the sound discretion of a court. *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002).  That discretion is cabined and guided by the factors identified by the Third Circuit in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

The *Poulis* factors are

(1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense."

*Id.* at 868.

"[N]o single *Poulis* factor is dispositive." *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (quoting *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003)).  Nor do "all of the

---

[1] Plaintiff has also called this Court's chambers to request that this matter be reopened.  On phone calls with Plaintiff, the Court has instructed Plaintiff that this matter has been open since June 14, 2025, has remained opened since, and that an outstanding order for his amended complaint remained pending.

*Poulis* factors need to be satisfied in order to dismiss a complaint." *Id.* (quoting *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)).  In addition, [w]hen a litigant's conduct makes adjudication of the case impossible . . . balancing under *Poulis* is unnecessary." *Asubuko v. Bell Nat. Org.*, 243 F. App'x 728, 729 (3d Cir. 2007).

No matter the circumstances, however, district courts should always "provide the plaintiff with an opportunity to explain his reasons for failing to prosecute the case or comply with its orders prior to dismissing a case *sua sponte*." *Briscoe*, 538 F.3d at 258.

## III.    DISCUSSION

The Court here will **DISMISS** Plaintiff's action because Plaintiff has failed to comply with the Court's orders despite extensive opportunities to do so.

### A.    Extent of Plaintiff's Responsibility

In this case, Plaintiff is solely responsible for his failure to submit an amended complaint. Indeed, Plaintiff references the Court's order to provide an amended complaint in one of his letters and yet, has failed to do so.  D.E. 28 ("I am writing in response to your request for an amended complaint with reference to the case mentioned above so that the Court may reopen the case."). Instead, Plaintiff has repeatedly asked this Court to reopen the matter even though this Court has consistently explained that the matter has been opened since June 14, 2025.  *See, e.g.*, D.E. 27 ("The Court reopened this case in June and ordered Plaintiff to file an amended complaint by July 14, 2025. . . . This case is already open, and this Court's June Order remains outstanding."). Plaintiff's failure to provide an amended complaint has therefore rendered this Court unable to move this case forward and therefore this factor weighs in favor of dismissal.

### B.    Prejudice to Defendant

Permitting Plaintiff's case to go forward after Plaintiff has demonstrated an apparent inability to comply with Court orders would cause manifest injustice to the CBP because it delays the CBP's right to timely resolution of the case.  *See Harris v. Hoffman*, No. 23-104, 2024 WL 5125113, at *2 (W.D. Pa. Nov. 18, 2024).  This factor therefore weighs in favor of dismissal.

### C.    Plaintiff's History of Dilatoriness

The Court has repeatedly made it clear that this matter was reopened on June 14, 2025. Nevertheless, Plaintiff continues to reiterate his request that the Court should reopen the matter, instead of complying with the Court's outstanding orders that direct Plaintiff to file an amended complaint.  "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as . . . consistent tardiness in complying with court orders."  *Adams*, 29 F.3d at 874.  "[A] party's problematic acts must be evaluated in light of its behavior over the life of the case."  *Id.* at 875. Accordingly, this factor also supports dismissal.

### D.    Willfulness or Bad Faith

The Court will not conclude that Plaintiff has acted in bad faith.  Plaintiff, however, has demonstrated that he is either unwilling to comply with the Court's orders or unable to.  The Court has provided deadlines, has ensured that Plaintiff has received notice of those deadlines (despite Plaintiff's untimely notice of his change in address), and yet Plaintiff has still failed to comply. These circumstances, therefore, also weigh in favor of dismissal.

### E.    Alternative Sanctions

The Court cannot conclude that alternative sanctions here would be effective.  Plaintiff continues to request that this Court reopen the matter, even though the Court cannot make it any

clearer that this matter has been opened since June 14, 2025. The circumstances suggest that dismissal is the appropriate remedy.

### F.    Meritoriousness of Plaintiff's Claims

At this stage, the Court cannot meaningfully determine the meritoriousness of Plaintiff's case. Plaintiff alleged to the CBP: "I was physically separated from my daughter, handcuffed, directed to remove my clothes, and jailed for many hours. As a result of this wrongful and unwarranted treatment, I have suffered physical and emotional trauma." D.E. 22. Plaintiff sought from the CBP "personal injuries in the amount of $19,750.00." The CBP, however, denied Plaintiff's claims in their entirety because Plaintiff "failed to support [his] claims with any documentation substantiating [his] allegations or the damages [he] seek[s]." *Id.*

There has been no briefing regarding the merits of Plaintiff's case against the CBP before this Court and no details of substance provided to the Court regarding the events Plaintiff complains of or the injuries he complains of. Plaintiff's inability to provide an amended complaint also establishes Plaintiff's inability to adequately prosecute this matter. This factor therefore also favors dismissal. *Asubuko*, 243 F. App'x at 729.

Therefore, because the circumstances described above warrant dismissal, this Court will *sua sponte* **DISMISS** the case *without prejudice*.

## IV.    CONCLUSION

Having determined that Plaintiff's failure to participate in this action warrants dismissal, the Court will **CLOSE** this case. Accordingly,

**IT IS**, on this 28<u>th</u> day of January 2026,

**ORDERED** that the Clerk of the Court shall **CLOSE** this case under Local Civil Rule 41.1(a) and Federal Rule of Civil Procedure 41(b).

Evelyn Padin, U.S.D.J.