**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DARIO STIPISIC,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES CUSTOMS AND BORDER PROTECTION, *et al.*,<br><br>Defendants. | No. 24cv7649 (EP) (JRA)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

*Pro se* Plaintiff Dario Stipisic moves for reconsideration of the Court's April 24, 2026 Text Order, D.E. 39 (the "Order"), denying his request to reopen this matter. D.E. 40 ("Motion" or "Mot."). For the reasons below, the Court will **DENY** the Motion.[1]

## I. BACKGROUND

This action was removed from New Jersey Superior Court, Essex County, in July 2024. D.E. 1. Plaintiff's original complaint asserted claims against United States Customs and Border Protection ("CBP") and the Port Authority Police Department. *See id.* In November 2024, the parties stipulated to dismissal of the claims against both Defendants, and the matter was closed. D.Es. 17 & 19.

Several months later, however, Plaintiff filed a letter with the Court concerning his claims against CBP. D.E. 20. Plaintiff advised the Court that CBP had since responded to his claims, contended that he had therefore exhausted his administrative remedies, and requested that the Court reopen his case. *Id.* Because it was unclear whether Plaintiff had received a final denial of

[1] The Court decides the Motion without oral argument. *See* Fed. R. Civ. P. 78; L. Civ. R. 78.1(b).

his claim from CBP, the Court directed him to submit any final agency denial he received. D.E. 21. After Plaintiff produced documentation showing that CBP issued a final denial of his administrative claim, the Court reopened the action on June 17, 2025, and directed Plaintiff to file an amended complaint by July 14, 2025. D.Es. 22 & 23 ("June Order"). The Court also directed that Plaintiff's amended complaint must comply with this District's local rules and specifically, Local Civil Rule 15.1(a)(2).[2] D.E. 23.

What followed was a series of reminders from the Court and additional opportunities to comply with the Court's directive that Plaintiff file an amended complaint. *First*, on October 7, 2025, after issues arose concerning Plaintiff's change of address, the Court explained that its June Order requiring Plaintiff to file an amended complaint "remain[ed] outstanding," and *sua sponte* extended Plaintiff's deadline to October 31, 2025. D.E. 27. The Court also warned that failure to timely file an amended complaint could result in dismissal, and again indicated that the amended complaint must comply with the local rules. *Id.* *Second*, on January 28, 2026, after Plaintiff still had not filed an amended complaint, the Court closed the case under Local Civil Rule 41.1(a) and Federal Rule of Civil Procedure 41(b). D.E. 31. *Third*, on February 18, 2026, Plaintiff again asked that the case be reopened. The Court denied the request, explaining that Plaintiff had failed for approximately seven months to comply with the Court's orders, had instead submitted multiple letters and made multiple calls to the Court seeking to reopen his case, and had "never filed an amended complaint and never provided any explanation regarding his failure to do so." D.E. 33. *Finally*, on March 13, 2026, the Court again addressed more letters from Plaintiff and expressly explained that "[a] letter requesting that the Court reopen the case or asking when trial will be set

[2] Local Civil Rule 15.1(a)(2) requires that the amended complaint indicate how it differs from the pleading it proposes to amend, "by bracketing or striking through materials to be deleted and underlining materials to be added."

does not constitute an amended complaint." D.E. 36. The Court further advised that, absent a showing of good cause, it would not continue to reiterate the same instruction. *Id.*

Plaintiff eventually filed an amended complaint on March 18, 2026. D.E. 37. On April 17, 2026, Plaintiff again asked the Court to reopen the case, asserting that he had only recently learned that his earlier filings did not constitute a proper amended complaint and that the absence of an amended complaint form made it difficult for him to understand what was required. D.E. 38.

On April 24, 2026, the Court denied Plaintiff's request to reopen this matter. *See* Order. The Court explained that Plaintiff had been repeatedly informed, over approximately nine months, that his obligation to file an amended complaint remained outstanding and that his belated realization that his prior submissions were insufficient did not establish good cause to reopen the case. *Id.*

Plaintiff now seeks reconsideration of that Order. *See* Mot. In support of his Motion, Plaintiff again asserts that he made good faith efforts to comply with the Court's orders, misunderstood what constituted a proper amended complaint, and was hindered by the absence of a standardized form. *Id.* at 1. He contends that declining to reopen the case under those circumstances constitutes manifest injustice. *Id.* The Court disagrees with Plaintiff. Therefore, it will **DENY** the Motion.

## II. DISCUSSION

"Motions for reconsideration exist to 'correct manifest errors of law or fact or to present newly discovered evidence.'" *Mid-Am. Salt, LLC v. Morris Cnty. Coop. Pricing Council*, 964 F.3d 218, 230 (3d Cir. 2020) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Reconsideration under Local Civil Rule 7.1(i) is "an extraordinary remedy that is [to be] granted

very sparingly." *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (citation modified).

To succeed on a motion for reconsideration, the party seeking reconsideration must show at least one of these grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence [not previously available]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration may not be used to relitigate matters already argued, nor to raise new arguments that could have been raised before the original decision issued. *See Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001). Instead, Local Civil Rule 7.1(i) requires a party to "set[ ] forth concisely the matter or controlling decisions which the party believes the Judge has overlooked." Mere disagreement with the Court's decision is not a proper basis for reconsideration; such disagreement belongs in the ordinary appellate process. *Bowers*, 130 F. Supp. 2d at 612.

Here, Plaintiff does not satisfy any of the grounds for reconsideration. He identifies no intervening change in controlling law, newly available evidence, or factual or legal matter that the Court overlooked. Rather, Plaintiff again argues that he attempted in good faith to comply with the Court's orders and misunderstood what constituted an amended complaint because the Court did not provide a standardized form. Mot. at 1. The Court expressly considered and rejected that explanation in its Order. *See* Order. As the extensive procedural history above demonstrates, Plaintiff was repeatedly informed in plain terms that he was required to file an amended complaint to reopen his case, was given an extension of his deadline to do so, was warned that failure to comply could result in dismissal, and was later expressly told that his letters to the Court did not

constitute an amended complaint. *See* June Order & D.Es. 27, 33 & 36. The Court also twice directed Plaintiff to the local rule governing amended pleadings. June Order & D.E. 27.

Plaintiff's disagreement with the Court's conclusion that these circumstances do not establish good cause to reopen the matter does not provide a basis for reconsideration. *See Bowers*, 130 F. Supp. 2d at 612 (explaining that "[m]ere disagreement with a decision of the District Court should normally be raised through the appellate process and is inappropriate" grounds for reconsideration). Nor has Plaintiff shown manifest injustice. The Court did not close this matter based on a single procedural error. Plaintiff received repeated notice that an amended complaint remained outstanding, an extended deadline to file one, a warning that noncompliance could result in dismissal, and an express explanation that his letters did not constitute an amended complaint. Because the Motion identifies nothing the Court overlooked and instead seeks to relitigate an issue the Court has already considered, reconsideration is unwarranted.

## III. CONCLUSION AND ORDER

For these reasons,

**IT IS,** on this **1st** day of October, 2026,

**ORDERED** that Plaintiff's Motion for Reconsideration, D.E. 40, is **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall send a copy of this Memorandum Order to Plaintiff by regular U.S. Mail; and it is finally

**ORDERED** that this matter shall remain **CLOSED.**

Evelyn Padin

Evelyn Padin, U.S.D.J.